IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FRANKLIN L. WILLIAMS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-13-CV-267-SS-AWA** |
| | § | |
| **MIKE PEARCE, WARDEN,** | § | |
| **FCI BASTROP,**[1] | § | |
| **Respondent.** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
         UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Franklin L. Williams's Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1); Petitioner's Motion to Supplement (Dkt. No. 3); and

Petitioner's Motion for Leave to File Motion to Supplement (Dkt. No. 7). The Magistrate Judge

submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C.

§636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for

the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate

Judges.

## I.  BACKGROUND

Petitioner Franklin L. Williams ("Williams"), Reg. No. 12952-021, is currently a federal

prisoner incarcerated in the Bureau of Prisons ("BOP") pursuant to a judgment and sentence in

Criminal Case No. 5:06-CR-00014 in the United States District Court for the Southern District of

---

[1] Williams initially named the United States of America as respondent. However, the appropriate respondent for habeas corpus claims under § 2241 is the warden of the facility in which the petitioner is being held. As such, the Court has changed the responding party accordingly.

Georgia. Clerk's Doc. No. 1. Williams is serving time after a jury found him guilty of one count of distribution of more than five grams of cocaine base and one count of distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). *See United States v. Williams*, No. 5:06-CR-00014 (S.D. Ga. Sept. 15, 2006), ECF No. 49-1. Williams was sentenced on June 20, 2007, to 292 months of imprisonment on each count, to be served concurrently with his revoked state parole term for a 1997 state conviction in Georgia for possession of cocaine. *Id.*, ECF No. 62 at 2. Williams's convictions and sentence were affirmed on direct appeal. *United States v. Williams*, 262 Fed.Appx. 165 (11th Cir. 2008). Since 2007, Williams has been transferred to a number of different federal correctional institutions, including FCI-Bastrop, where he is currently serving his sentence.

Williams is an abusive filer and has continuously flooded the federal courts with lawsuits, none of which have been successful. Williams has also been warned twice by the Fifth Circuit against "frivolous, repetitive, or otherwise abusive filings" and that continuing to do so could subject him to the imposition of sanctions. *See Williams v. Tamez*, 476 Fed.Appx. 6 (5th Cir. 2012) (unpublished); *Williams v. Tamez*, 466 Fed.Appx. 326 (5th Cir. 2012) (unpublished). This Court has already detailed his extensive history of filing cases in the federal courts. *See* Consolidated Report and Recommendation of the United States Magistrate Judge, Dkt. No. 25 in 1:12-CV-368-SS; Dkt. No. 14 in 1:12-CV-506-SS; and Dkt. No. 6 in 1:12-CV-936-SS. As a result of his continuous filing of frivolous cases, Judge Sparks adopted the recommendations in these cases on February 13, 2013, and imposed both monetary and filing sanctions. *See Williams v. Pearce*, No. 1:12-CV-00368-SS, slip op. (W.D. Tex. Feb. 13, 2013). Judge Sparks prohibited Williams from "filing any habeas corpus case, proceeding, or motion in any district court of the United States without prior approval from a presiding judge." *Id.* at 11.

Williams's executed the instant petition for habeas corpus under § 2241 on February 14, 2013, one day following Judge Sparks's imposition of sanctions. *See* Dkt. No. 1 at 1.  The suit was filed on February 20, 2013, in the United States District Court for the Southern District of Georgia. *Id.*  Because the appropriate venue for a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the district in which the petitioner is incarcerated, Williams's § 2241 petition was transferred to the Western District of Texas on April 3, 2013.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). As it is unlikely that Williams had notice of the sanctions imposed against him in this case, the Court will consider his claims in *this* § 2241 petition.

## II.  ANALYSIS

In the instant petition, Williams seeks credit against his federal sentence for the time he served from August 3, 2006, until June 20, 2007.[2]  Dkt. No. 1 at 1.  Williams argues that because he was detained in a state holding facility under federal detention, he should be given credit for the ten months he served prior to his federal sentencing on June 20, 2007.  Dkt. No. 3 at 1.  In addition, Williams alleges that because his state and federal sentences were to run concurrently on June 20, 2007, he should be given credit for the ten months he served from August 3, 2006, to June 20, 2007. Dkt. No. 1 at 1.

As an initial matter, the Court notes that petitioners seeking relief under § 2241 are required to exhaust their administrative remedies prior to presenting their claims in federal court.  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).  "Exceptions to the exhaustion requirement apply

---

[2] From Williams's petition, it is unclear whether he is seeking credit against his state or federal sentence.  However, the documentation shows that he is seeking a reduction in sentence from 292 months to 225 months.  *See* Dkt. No. 1, Attachment 1.  As Williams's federal sentence was originally 292 months, the Court presumes that he is seeking credit against his federal sentence.

only in extraordinary circumstances and [Williams] bears the burden of demonstrating the futility of administrative review." *Id.* (internal citations omitted).

Here, Williams has not presented any evidence to suggest that he has exhausted his remedies with the BOP. The only evidence Williams presents is a copy of his Sentence Monitoring Computation Data as of June 18, 2012, which shows that his sentence is for 235 months, beginning on June 20, 2007. *See* Dkt. No. 1, Attachment 1. The document also shows Williams's projected satisfaction date as well as the total amount of good credit time he has earned. *Id.* However, this document does not show that Williams has exhausted his claims with the BOP. There is no evidence that the BOP has considered or issued a decision on Williams's contention that he has not been credited the proper time towards his sentence. As such, Williams's instant § 2241 petition has not been properly brought and his instant petition should be dismissed.

Aside from Williams's failure to exhaust his administrative remedies prior to seeking relief from this Court, Williams's contention that he is entitled to credit against his federal sentence for time period between August 3, 2006, and June 20, 2007, appears to lack merit. As a general matter, the BOP "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (internal citations omitted). Offenses committed after November 1, 1987, are governed by 18 U.S.C. § 3585(b), which provides in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

> > (1)     as a result of the offense for which the sentence was imposed; or

> > (2)     as a result of any other charge for which the defendant was arrested

after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). Accordingly, federal inmates may not "double count" time spent in pre-sentence custody against both their state and federal sentences.

In this case, Williams cannot receive credit against his federal sentence for the time period between August 3, 2006, and June 20, 2007, because the time was credited to his state sentence. The judgment issued by District Judge William T. Moore imposing Williams's federal sentence expressly indicates that the sentence is to run "concurrently with the revoked state parole term [Williams] is *presently serving*." Judgment, United States v. Williams, No. 5:06-CR-00014 (S.D. Ga. Sept. 15, 2006), ECF No. 62 at 2 (emphasis added). Williams does not present any evidence suggesting that this time was not credited toward his state sentence. Thus, Williams is not entitled to "double count" the time period from August 3, 2006, through June 20, 2007, against his federal sentence.

Additionally, to the extent Williams seek to rely on the Fifth Circuit's decision in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) (per curiam), to obtain credit against his federal sentence, such reliance is misplaced. In *Willis*, the Fifth Circuit considered how to determine pre-sentence custody credit where unrelated state and federal sentences were ordered by the State to run concurrently, and the defendant sought federal credit for time spent in state custody before he was transferred to federal prison. *See id.* at 925. In *Willis*, the defendant was arrested on a federal charge first and, while out on bail, was arrested on an unrelated state charge and taken into state custody. *Id.* He remained in state custody through, first, his federal sentencing and, then, his state sentencing. *Id.* His state sentence was ordered to run concurrently with his federal sentence. *Id.* He remained in state custody for approximately three weeks after his state sentence was imposed, and then was

5

transferred to federal custody to finish both sentences. *Id.* He sought federal credit for all of the time he spent in state custody. *Id.* The Fifth Circuit decided that the defendant was not entitled to federal credit for the time actually spent serving his unrelated state sentence after his state sentence was imposed, but remanded for an evidentiary hearing for the district court to determine whether he was entitled to credit for any other pre-federal-custody time. The court's concern was that the defendant initially spent time in state custody subject to a federal detainer, and he should get federal credit for that time. The court did not actually decide whether the defendant was entitled to more federal credit.

Here, the Court finds any reliance upon *Willis* to be unpersuasive. According to the BOP's interpretation of *Willis*, "[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the *first sentence begins to run, federal or non-federal*." FEDERAL BUREAU OF PRISONS, PROGRAM STATEMENT 5880.28, SENTENCE COMPUTATION MANUAL 1–22 (July 20, 1999), *available at* http://www.bop.gov/DataSource/execute/dsPolicyLoc (emphasis added). In this case, Williams's state sentence derives from his 1997 conviction for cocaine possession. The Sentence Monitoring Computation Data supplied by Williams specifically states that he is not entitled to *Willis* credit because his state sentence was a parole revocation. In other words, Williams's state sentence had already begun to run when he was indicted in 2006 for violations of federal law. As such, *Willis* does not apply to Williams's case and he is not entitled to credit against his federal sentence for the time period between August 3, 2006, and June 20, 2007.

## III. RECOMMENDATION

In light of the foregoing discussion, the Magistrate Judge **RECOMMENDS** that the District

Judge **DISMISS** with prejudice Franklin L. Williams's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).  Because Williams executed the instant petition one day after the District Court imposed sanctions, it is unlikely that Williams had notice of the sanctions.  As such, it would not be appropriate to impose any additional sanctions on Williams at this time.  However, the undersigned **FURTHER RECOMMENDS** the District Judge warn Williams that the filing of any future habeas petitions without approval may result in the imposition of additional sanctions.

In addition, the undersigned **FURTHER RECOMMENDS** the District Judge direct the Clerk's Office to send a copy of the District Judge's order in this case as well as the District Judge's prior order imposing sanctions upon Williams to the United States District Court for the Southern District of Georgia, Waycross Division, 601 Tebeau Street, Waycross, Georgia 31501.  *See Williams v. Pearce*, No. 1:12-CV-00368-SS, slip op. (W.D. Tex. Feb. 13, 2013) (Dkt. No. 28).

Finally, the undersigned **FURTHER RECOMMENDS** the District Judge **DISMISS AS MOOT** Williams's remaining motions in this case (Dkt. Nos. 3, 7, 8).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of April, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE